IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CR-79-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | and |
| BENNIE LEE JAMES, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

Trial, scheduled to commence December 14, 2021, was continued December 6, 2021. The court explains here basis for that continuance and reason why new defense counsel is appointed.[1]

BACKGROUND

Indictment returned April 28, 2020, charges defendant with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, four counts of aiding and abetting distribution of a quantity of a mixture and substance containing a detectable amount of heroin and fentanyl, and one count of distribution of a quantity of a mixture and substance containing a detectable amount of heroin and fentanyl. On September 30, 2021, defendant was arrested in the South District of New York and had his initial appearance before Magistrate Judge Robert W. Lehrburger, during which the government moved for his pretrial detention. The magistrate judge

---

[1] The court presided over unrelated trial commencing Monday of this week, just concluded today with verdict. It seizes on the time now to address in writing representational issues concerning in this case after giving notice Monday there would be no trial next week. New counsel will need time to learn about the case. Opportunity presents itself December 16, 2021, also for pretrial conference pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure, on which date initial appearance was noticed December 9, 2021, on superseding indictment returned December 7, 2021. The court directed today that the clerk set that appearance before the undersigned at New Bern, and not the magistrate judge at Wilmington, as originally noticed, on that same date of December 16, 2021, and noticed time. Let the record reflect the court will join that appearance with Rule 17.1 conference following.

ordered defendant's release on conditions. The government appealed the decision to this court which appeal did not find favor and was dismissed. Defendant remains on release conditions.

On November 30, 2020, defense counsel, Helen Celeste Smith, was appointed to represent defendant. On June 22, 2021, upon arraignment, defendant pleaded not guilty. Trial was scheduled to commence the week of December 13, 2021. However, on November 1, 2021, defendant's counsel moved to withdraw. The court held hearing on and denied that motion November 29, 2021.[2] Main reason offered by counsel for her withdrawal rested at the feet of defendant, on account of his failure timely to respond to her inquiries and attend meetings with counsel. Defendant was admonished to assist counsel in her representation of him, by attending meetings and returning communications. The government's oral motion then made to detain defendant was denied.

At that hearing, defendant made reference to correspondence from his counsel that gave him concern about her ability effectively to represent him. He expressed fear of counsel derived from her assertion in letter to defendant "there's no way you're going to win with 12 white people in the courtroom." Counsel answered "No, your honor," when the court inquired incredulously if counsel told her client that. Counsel indicated she did advise him this district is not like the Southern District of New York, "that it's a different jury pool and that juries do not look kindly on heroin and fentanyl crimes." Defendant insisted he had such a letter, and that it frightened and hurt him. No such letter was produced at hearing.

On December 1, 2021, defendant telephoned a member of the clerk's office inquiring how he could receive a new lawyer. No action was taken on that inquiry by the court. Then, December

---

[2] Delay in that hearing defendant requested to attend by video which request was denied, stemmed from his asserted concern about exposure to Covid-19 and necessity, while testing negative and experiencing no symptoms, to quarantine for a period, as presented in a medical note.

3, 2021, material was received in the clerk's office from defendant through his supervising probation officer in New York, including the below item:

> **V. Courtroom appearance**
>
> You will be going to court multiple times: at the detention hearing, at the trial, at sentencing if you are convicted. Your appearance is very important on your release, jury verdict, and any sentence you will receive if you are convicted. North Carolina is extremely conservative and all of the judges in the district are extremely conservative white people. Most of the jury pool is conservative white people. Trump won the state in 2016 and 2020 and the state voted every state black judge out of office in 2020.
>
> I strongly recommend that you go to thrift stores and assemble the following outfit to wear to court: blue blazer or jacket, white collared shirt with a red or blue neck tie, gray slacks with a belt, dark socks and dark dress shoes. Do not show up wearing black jeans or gym pants, t-shirts or workout shirts, sneakers or athletic shoes, or a ballcap. No dark dress shirts, either as that looks like a gangster. Dressing appropriately tells the judge you have respect for him/her and the courtroom and thus, for the rule of law; that you take this seriously; and that you don't look like a drug dealer. If you do not have thrift stores in your area, just send me your sizes and I will assemble an outfit for you.
>
> All of the courtrooms have strict requirements on entry. Everyone (including family) must have a valid photo ID (usually a drivers license). No pocket knives, cellphones, tablets, computers or liquids. No marijuana, pills, or cigarettes. They write down everyone who enters, along with their photo ID. Every bag, pocket, backpack goes through a scanner. So leave anything that is questionable in your car.

This item and accompanying paperwork (presenting as a petition for writ of habeas corpus), were taken into the docket at entry number 121, and ordered sealed December 3, 2021, while defendant was admonished to cease attempting to contact the court directly. At some point counsel for the government complained about the sealing informally to the clerk. Of the court's own initiative, that seal now is lifted and this entry shall be made public. Defendant regurgitated on the docket this material, sent by him via U.S. mail to the clerk and received in that office

December 3, 2021, together with some additional material, all taken in by the clerk under seal at docket entry number 126 December 8, 2021. This, too, shall be unsealed.

As the court has continued to consider import of the above item, it has determined that defendant should have new counsel.

At defendant's appearance December 16, 2021, it will address and admonish this defendant more particularly, regarding propensity to attempt personally to lodge information of no bearing directly on the docket;[3] however, let that not take away from the fact of what it appears defense counsel issued to defendant, in the form of that letter, and its impact on her representation. The Federal Public Defender immediately shall appoint a new lawyer for defendant.

The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

Here, "the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," Id. § 3161(h)(7)(B)(i), because of the necessity of needing now to promote new counsel for defendant. Therefore, the court finds that the ends of justice served by this continuance outweigh the best

---

[3] Nonsensical formwork purporting to present defendant with some religious and/or constitutional right to avoid prosecution and an article published by "Rolling Stone" about a congressional representative from Minnesota are examples.

4

interests of the public and the defendant in a speedy trial.

SO ORDERED, this the 10th day of December, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge