IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CR-79-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| BENNIE LEE JAMES, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court upon defendant's motion to continue trial scheduled to commence February 14, 2022, (DE 163), filed five days before the start of trial, on February 9, 2022, which motion was denied. The court memorializes here reasons why, upon careful consideration of the motion and the record in this case, it declines to allow defendant his sought-after time extension.

## BACKGROUND

Indictment, returned April 28, 2020, charged defendant with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, four counts of aiding and abetting distribution of a quantity of a mixture and substance containing a detectable amount of heroin and fentanyl, and one count of distribution of a quantity of a mixture and substance containing a detectable amount of heroin and fentanyl. On September 30, 2020, defendant was arrested in the Southern District of New York and had his initial appearance before Magistrate Judge Robert W. Lehrburger.

The magistrate judge ordered defendant's release on conditions, which decision the government promptly appealed. Hearing on that appeal was delayed, however, in part on account

of defendant's requests for additional time. (DE 38) (motion filed December 11, 2020, citing general health concerns related to COVID-19, the high cost of travel, and the fact that the delay requested was short compared to the "extensive delay" already experienced); (DE 50) (motion filed February 18, 2021, requesting additional time to meet with counsel and providing that "in light of the prior periods of delay, an additional short delay is reasonable"). The court granted those requests. Hearing was undertaken April 1, 2021, at which time defendant was allowed by this court to remain on pretrial release.

Defendant sought to extend time for his arraignment hearing and trial during the same period he was seeking to delay hearing on the government's appeal of the release order. (DE 42) (motion filed December 15, 2020, providing generally that proceeding to trial "would result in a miscarriage of justice and would deny counsel the reasonable time necessary for effective preparation" without further detail); (DE 48) (motion filed February 5, 2021, on same basis). The court also granted these requests. On June 22, 2021, defendant pleaded not guilty before a magistrate judge. On July 8, 2021, this court scheduled trial to begin on December 13, 2021.

On November 1, 2021, just weeks before trial, defendant's counsel filed a motion to withdraw under seal. (DE 101). The court set the motion for hearing November 15, 2021, and directed counsel to file a redacted version of that motion. (DE 104). Grounds for the motion made reference to counsel's inability effectively to communicate with defendant and an irreconcilable conflict related to litigation strategy.

Two days after that motion was filed and hearing set, counsel moved November 3, 2021, to advance defendant's request that he be allowed to attend the November 15, 2021, hearing by video, on account of the pandemic. (DE 107). The court's denial of that motion, in order entered November 4, 2021, pointing out its deficiencies, was met by renewed motion to appear by video

2

filed November 11, 2022, four days prior to the hearing, this time including, as an exhibit, a medical note providing that defendant had received a negative rapid COVID-19 test but was awaiting a confirmatory PCR test. (DE 110). The court denied defendant's motion by text order the next day, on November 12, 2021, but continued the hearing for seven days to provide for his presentation of a negative PCR:

> TEXT ORDER as to Bennie Lee James – Defendant's latest effort to avoid travel to this district for case related proceeding DE 110 is DENIED. However, the court now CONTINUES hearing until 9:30 a.m. Monday, November 22, 2021, at New Bern. Defendant shall supplement the record in advance of hearing with PCR test result referred to in exhibit to that motion.

Hearing on counsel's motion finally was undertaken November 29, 2021,[1] and was ultimately denied for the reasons described in memorandum opinion entered December 10, 2021:

> Main reason offered by counsel for her withdrawal rested at the feet of defendant, on account of his failure timely to respond to her inquiries and attend meetings with counsel. Defendant was admonished to assist counsel in her representation of him, by attending meetings and returning communications.

At this hearing the government expressed its concerns about defendant's conduct while on release. The court denied the government's oral motion to detain defendant. However, defendant was admonished about his lackadaisical attitude under supervision where certain failures fully to adhere to release conditions, when brought to his attention by his supervising officer, were followed by other, non-compliant instances of conduct.

At hearing, defendant was reminded that the freedom to meet with counsel and prepare for trial without jail house restrictions that necessarily come with being in custody was one of the most valuable benefits of his remaining on pretrial release. The record reflects that there was talk by him of a letter that his lawyer had sent him as trial loomed, that, he said, scared him. Without

---

[1] Hearing was again continued on November 15, 2021, on motion by defense counsel citing her own scheduling conflict.

3

more the court had no basis to remove the lawyer for the reasons offered, largely that he failed to return her communications or present himself at scheduled meetings.

Two days later, on December 1, 2021, defendant telephoned a member of the clerk's office and inquired how he could receive new counsel to represent him with respect to trial set to commence December 14, 2021. It appears the clerk's office employee encouraged defendant to make any request through his supervising probation officer when he expressed concern about utilizing the services of his appointed counsel in this regard.

On December 3, 2021, his probation officer served as defendant's conduit for transmission of certain documents by email to the clerk's office. (DE 121). Among them, a portion of a letter his counsel had sent to defendant. The rest appearing as some form of a petition for writ of habeas corpus, wherein he complains about his attorney and this court's jurisdiction.

With respect to the portion of counsel's letter he provided, taken together with aspects of defendant's presentation in court November 29, 2021, for reasons described in memorandum opinion and order that followed, filed December 10, 2021, the court's summary announcement December 6, 2021, that trial was continued off the December 14, 2021, calendar was explained. The court discontinued the services of then counsel for defendant and directed the Federal Public Defender to immediately appoint new counsel.

In the midst of this change of counsel, superseding indictment was returned December 7, 2021, charging defendant largely with the same conduct, but expanding the conspiracy charge to account for a larger timeframe and increasing the mandatory minimum drug weight and types of drugs within that count. The court scheduled initial appearance and arraignment for December 16, 2021. Defendant's newly appointed counsel entered appearances December 14, 2021.

4

Case 7:20-cr-00079-FL   Document 174   Filed 02/11/22   Page 4 of 10

For scheduling reasons counsel for defendant sought and was granted a continuance of that hearing until December 21, 2021. On December 17, 2021, defendant through counsel filed a motion to continue, providing that a family member living with defendant had tested positive for COVID-19 nine days prior. (DE 134). Defendant, who waited the nine days to take a test himself, and who was unvaccinated, received a negative rapid test on December 17, 2021, and was awaiting a PCR test. The government again opposed the motion, asserting in this instance that defendant's reporting of symptoms and exposure did not match the family member's reported test date. (DE 134 at 4). The court granted defendant's motion by text order December 20, 2021:

> TEXT ORDER as to Bennie Lee James - This matter comes now before the court upon defendant's motion to continue initial appearance and arraignment [DE 134], and associated motion to seal [DE 136]. That motion to seal is ALLOWED. The government expresses concern about underlying basis to the motion to continue, and while a number of instances of perceived malingering on the part of this defendant can be said to clutter the docket, the court in its discretion ALLOWS the motion to continue. Defendant you will now come before this court for initial appearance and arraignment, at which time a trial date certain will be set, Friday, January 7, 2022, at 10:00 am at New Bern, unless your lawyer or counsel for the government has some conflict shown in motion to be filed before the close of business tomorrow and if that be the case, counsel confer and propose to me some agreed to time(s) earlier that first week in January or in the one following for this setting. It is further ordered that any delay that results from this continuance is excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) for the reason that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial.

Defendant pleaded not guilty to all counts of the superseding indictment on January 7, 2022, and, after again inquiring how much time defense counsel and counsel for the government reasonably required effectively to prepare for trial, the court scheduled trial to begin February 14, 2022. Defendant's disappearance several days before the hearing in New York and described roundabout journey to New Bern for hearing was a topic of consideration. The court revoked defendant's pretrial release at this time and ordered his detention pending trial. Reference is made to the court's order entered January 10, 2022:

5

> [T]he court, after hearing from Probation Officer Melissa Lunsmann, found that there was clear and convincing evidence that defendant had violated conditions of his release. Defendant's release was conditioned on, as pertinent here, his submission to the supervision of the Probation Office and participation in a home incarceration program. (Apr. 1, 2021, Order (DE 65) at 2). Among other violations previously reported, (see, e.g., (DE 74, 96)), it was now reported that defendant had committed additional violations of his home incarceration condition, including, most significantly, leaving his residence on January 3, 2022, for two days and failing to respond to his probation officer's telephone calls during that time. Further, it was reported at hearing that defendant failed in two instances, after being so directed, to coordinate with the Probation Office as to his travel arrangements to attend the instant hearing. While he ultimately appeared, defendant's probation officers, and by extension the court, were left with no affirmative indication that defendant planned to attend the hearing.
>
> These violations were clearly and convincingly presented to the court. These and the cumulative weight of prior violations led the court to conclude that defendant is unlikely to abide by the conditions of his release, given his unwillingness to change or comport his behavior despite numerous opportunities given by the court. The court's conclusion that defendant is unlikely to abide by court-imposed conditions is solidified by his pro se representation to the court that he is not governed by federal law. (See Pro Se Filing (DE 126)).

Defendant appealed this court's revocation and detention order, (DE 146), and on February 7, 2022, the United States Court of Appeals for the Fourth Circuit affirmed the court's decision. (DE 161).

Counsel has vigorously prepared for trial on defendant's behalf, as evidenced in the record. Yet on February 9, 2022, just five days before trial is set to begin, defendant directed his counsel to file a motion to continue trial, for the reason that defendant has not had adequate time to work with counsel. (DE 163). The government responded in opposition. (DE 164).

**COURT'S DISCUSSION**

The decision to grant a continuance is within the discretion of the court, as constrained by the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161. United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). An "[a]buse of discretion has been defined in such circumstances as an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for

6

a delay." United States v. Myers, 66 F.3d 1364, 1370 (4th Cir. 1995).[2]  A denial of a request for continuance is wrongful where "denial prejudice[s] [defendant's] case." Hoyte, 51 F.3d at 1245. However, "if the district court's . . . denial of a continuance did not prejudice the defense's ability to prepare, it cannot . . . be said . . . that the court deprived the defendants of a fair trial." United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990). "More than a general allegation of 'we were not prepared' is necessary to demonstrate prejudice." Id. at 825; see, e.g., United States v. Williams, No. 99-4143, 1999 WL 1048356, at *1 (4th Cir. Nov. 19, 1999) ("Williams has raised only a general assertion that he was prejudiced by the denial of a continuance; he has failed to specifically identify any information contained in the trial transcript that would undermine confidence in the outcome of the sentencing.").

Defendant only generally asserts that "he ha[s] not had enough time to work with counsel." (DE 163 at 2). There is nothing offered with any particularity to show that defendant would suffer some prejudice by a denial of the requested continuance here.

Defendant's motion itself underscores substantial preparation undertaken for trial, including in coordination with this defendant, where "[c]ounsel has prepared for trial, including multiple telephone calls with [defendant] before he was detained, meeting with [defendant] in person at the courthouse on January 7, and video meetings with [defendant] on January 12, January 20, January 31, February 3, February 5, February 6, and February 8." (Id.).

No doubt defendant is disappointed that his appeal of this court's order of detention did not bear fruit. While moving on that matter before the court above, his counsel have been most diligent in the discharge of their representational duties in this court. Proposed voir dire and jury instructions were filed February 4, 2022. (DE 153, 154). On defendant's behalf a motion to

---

[2]  Internal citations and quotation marks are omitted from all citations unless otherwise specified.

sequester was filed February 7, 2022. (DE 159). Numerous motions in limine have been promoted by defendant through counsel over the last several days for this court's consideration, too. (DE 165, 170, 171). Counsel's aggressive schedule of communication with their client, together with the work showing on the docket, and the history of this defendant contribute to the court's determination that his most recent motion seeking delay in disposition of the case should be denied.

Additionally, the Speedy Trial Act, which constrains the court, "was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." Zedner v. United States, 547 U.S. 489, 501 (2006) ("[T]he Act was designed with the public interest firmly in mind."). It is for that reason that defendants cannot prospectively waive application of the Act. Indeed, "[b]ecause defendants may be content to remain on pretrial release, and indeed may welcome delay, it is unsurprising that Congress refrained from empowering defendants to make prospective waivers of the Act's application." Id. at 501-02; see id. at 502 ("Because of the Act's emphasis on that societal right, a defendant ought not be permitted to waive rights that are not his or hers alone to relinquish." (quoting S. Rep. No. 96-212S.Rep. No. 96-212, at 29)).

Here, the government, acting in part as a voice to the concerns of the public, provided in opposition that it had "spent considerable time and resources preparing for trial to start on February 14." ((DE 164) at 1). "Several witnesses [had] also arranged to travel to New Bern from out of state for the trial." (Id.). Finally, "the identities of cooperating witnesses ha[d] now been disclosed to [d]efendant." (Id.). Where the Act was designed in part "to serve the public interest," and where the case has already been pending for nearly two years since return of the original indictment, the court cannot readily dismiss these concerns.

Finally, "[t]here are essentially two categories of decisions made by a criminal defendant's trial counsel: those decisions, deemed 'personal,' that must be made with the defendant's consent and those that may be made without the defendant's consent." Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998); see United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992) ("Criminal defendants possess essentially two categories of constitutional rights: those which are waivable by defense counsel on the defendant's behalf, and those which are considered 'fundamental' and personal to defendant, waivable only by the defendant."). "Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics." Sexton, 163 F.3d at 885; cf. New York v. Hill, 528 U.S. 110, 114-15 (2000) ("Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has—and must have—full authority to manage the conduct of the trial.").

In determining what amounts to trial strategy and tactics, courts look to whether the decision is one which counsel "has superior experience with" or otherwise benefits from counsel's "objective knowledge of the strengths and weaknesses of the defendant's case." Sexton, 163 F.3d at 885. Scheduling matters are generally among such tactical decisions. See Hill, 528 U.S. at 114-15 ("[O]nly counsel is in a position to assess the benefit or detriment of the delay to the defendant's case.").

## CONCLUSION

For all these reasons, the motion filed at defendant's direction this past Tuesday evening, just days before Monday's start of trial, must be denied. The court is confident the lawyers appearing for this defendant, in close contact as described with Mr. James, having themselves had opportunity to influence the establishment of the trial date, are trial ready and able. Trial will begin

9

Monday, February 14, 2022, with 1:00 p.m. conference, and jury selection to commence at 1:30 p.m., as noticed.

DATED, this the 11th day of February, 2022.

                                                           _____
                                                           LOUISE W. FLANAGAN
                                                           United States District Judge